MEMORANDUM *
Eduardo Larin sues on behalf of a putative nationwide class of consumers who incurred certain expenses while enrolled in Bank of America’s Overdraft Protection (ODP) program. The district court dismissed the action on the basis that Larin’s state law claims were preempted by the National Bank Act and regulations promulgated thereunder. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse the judgment as to preemption and remand to the district court.
“State laws of general application, which merely require all businesses (including national banks) to refrain from fraudulent, unfair, or illegal behavior, do not necessarily impair a bank’s ability to exercise its [federally regulated] powers.” Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 555 (9th Cir.2010) (emphasis added). We must determine, however, whether Larin’s claims — no matter how they are labeled — would as a practical matter impose on the Bank’s operations “limitations concerning ... [c]hecking accounts[,] ... [disclosure requirements^ or] ... [fjunds availability,” so as to render them expressly preempted. 12 C.F.R. § 7.4007(b)(2)(ii-iv); see Rose v. Chase Bank USA, NA, 513 F.3d 1032, 1038 (9th Cir.2008) (“Regardless of the nature of the state law claim alleged .... the proper inquiry is whether the ‘legal duty that is the predicate of Plaintiffs’ state law claim falls within the preemptive power of the NBA or regulations promulgated thereunder.”).
We conclude that Larin’s claims do not implicate the Bank’s federally regulated powers. The gravamen of Larin’s complaint is that the Bank violated state law by affirmatively misrepresenting the value of its ODP program, rather than by operating the program as it did. See, e.g., Complaint ¶¶1, 11, 70, 95, 100-01, 104, 107. If Larin were to prevail, the Bank might have to alter its marketing and promotional materials, but it would in no way have to alter the manner in which the ODP program actually operates. As the Bank recognizes, while claims “aimed at a specific banking practice or attacking a failure to disclose ... are categorically preempted,” claims “aimed at affirmative misrepresentations or deceptions ... are generally not preempted.” Answering Br. 33. Whether or not they are likely to succeed on the merits, Larin’s claims are clearly of the latter kind: what Larin alleges is that the Bank affirmatively deceived him as to the risks and benefits of the ODP program, not that the Bank operated the program in an unlawful manner or that it failed to provide any requisite disclosure as to the program’s operation. Cf. Jefferson v. Chase Home Fin., No. C 06-6510, 2008 WL 1883484, at *12-13 (N.D.Cal. Apr.29, 2008).
Although the Bank urges us to affirm the dismissal of the action on the alternate basis that Larin has failed to state a claim, we would benefit from the district court’s analysis of the issue in the first instance. We therefore reverse the district court’s judgment dismissing the action on the ba *123 sis of preemption and remand to the district court for further proceedings consistent with this disposition.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.